```
SCOTT+SCOTT LLP
CHRISTOPHER M. BURKE (214799)
WALTER W. NOSS (277580)
KRISTEN M. ANDERSON (246108)
707 Broadway, Suite 1000
San Diego, CA  92101
Telephone: 619/233-4565
cburke@scott-scott.com
wnoss@scott-scott.com
kanderson@scott-scottt.com

THE MOGIN LAW FIRM, P.C.
DANIEL J. MOGIN (95624)
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: 619/687-6611
dmogin@moginlaw.com
```

*Attorneys for Plaintiff*

[Additional Counsel Listed in Signature Block]

FILED
2011 OCT -7  A 10: 20
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N. DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATRINA KEY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>APPLE INC.; et al.,<br><br>Defendants. | No. C 11-04754 EMC<br><br>PLAINTIFF'S CERTIFICATE OF SERVICE REGARDING COURT ORDERS<br><br>Hon. Edward M. Chen |

1 | Pursuant to Civil L.R. 5-6(a), the undersigned certifies that the following:

2 | (1) Case Management Conference Order in Reassigned Cases;

3 | (2) Civil Standing Order – General, U.S. District Court Judge Edward M. Chen;

4 | (3) Civil Standing Order on Discovery, U.S. District Judge Edward M. Chen; and

5 | (4) Standing Order for All Judges of the Northern District of California – Contents of Joint

6 | Case Management Statement were served by U.S. mail, first class postage prepaid on the following:

Apple Inc.
1 Infinite Loop
Cupertino, CA 95014

Hachette Book Group
237 Park Ave.
New York, NY 10017

HarperCollins Publishers Inc.
10 East 53rd Street
New York, NY 10022

Macmillan Publishers, Inc.
175 Fifth Avenue
New York, NY 10010

Penguin Group (USA) Inc.
375 Hudson Street
New York, NY 10014

Simon & Schuster, Inc.
1230 Avenue of the Americas
New York, NY 10020

DATED: October 6, 2011                SCOTT+SCOTT LLP

*Christopher M. Burke /kma*
CHRISTOPHER M. BURKE (214799)
WALTER W. NOSS (277580)
KRISTEN M. ANDERSON (246108)
707 Broadway, 10th Floor
San Diego, CA 92101
Telephone: 619/233-4565
cburke@scott-scott.com
wnoss@scott-scott.com
kanderson@scott-scott.com

CERT. OF SERVICE OF COURT ORDERS         1         CASE NO. C 11-04754 EMC

SCOTT+SCOTT LLP
JOSEPH P. GUGLIELMO
500 Fifth Avenue, 40th Floor
New York, NY 10110
Telephone: 212/223-6444
jguglielmo@scott-scott.com

THE MOGIN LAW FIRM, P.C.
DANIEL J. MOGIN (95624)
707 Broadway, Suite 1000
San Diego, CA 92101
Telephone: 619/687-6611
dmogin@moginlaw.com

BURKE HARVEY & FRANKOWSKI, L.L.C.
RICHARD S. FRANKOWSKI
One Highland Place
2151 Highland Avenue, Suite 120
Birmingham, AL 35205
Telephone: 205/930-9091
rfrankowski@bhflegal.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATRINA KEY, | No. C11-4754 EMC |
| Plaintiff, | Related cases: |
| v. | C11-3892 EMC<br>-Petru v. Apple, et al. |
| APPLE, INC., et al., | (J) Anti-Trust |
| Defendants. | **related cases:**<br>C11-3954<br>Diamond v. Apple |
| | C11-04035<br>Gilstrap v. Apple |
| | C11-4110<br>Albeck v. Apple |
| | **CASE MANAGEMENT CONFERENCE ORDER IN REASSIGNED CASES** |

TO ALL PARTIES AND COUNSEL OF RECORD:

The above matter having been reassigned to District Judge Edward M. Chen, for trial and all further proceedings.

IT IS HEREBY ORDERED THAT, pursuant to Federal Rule of Civil Procedure 16 and Civil Local Rule 16-10, a case management conference will be held in this case before the **Honorable Edward M. Chen on January 6, 2012 at 9:00 a.m., in Courtroom 5, 17th Floor**, 450 Golden Gate Avenue, San Francisco, California.

1. The parties shall file a *joint* case management conference statement one week in advance of the case management conference date. The statement must include all elements requested in the "Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement." In cases involving pro se litigants, parties shall attempt to file a joint statement; if after due diligence an agreement cannot be reached, the parties may file separate case management statements, with each statement not to exceed seven (7) pages.

2. Any request to reschedule the case management conference date must be made in writing and by stipulation, if possible, not less than ten (10) days before the conference date. Good cause must be shown.

3. Unless proceeding pro se, each party shall be represented at the case management conference by counsel with full and complete authority to address all of the matters referred to in (a) Federal Rules of Civil Procedure 16(c) and 26(f) and (b) the "Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement." Counsel must also have full and complete authority to enter stipulations and made admissions.

4. After the case management conference is concluded, an order will be entered setting dates for, *e.g.*, the close of discovery, hearing dispositive motions, the final pretrial conference, and trial. Other orders regulating and controlling future proceedings may also be entered (*e.g.*, orders setting further status conferences).

5. All documents filed with the Clerk of the Court shall list the civil case number followed only by the initials "EMC." A copy of all documents filed, whether electronically or manually, shall be submitted to the Clerk's Office in an envelope clearly marked with the case number and "EMC Chambers Copy" no later than noon on the next business day after the document is filed. The chambers copy must be three-hole punched on the left-hand side. Exhibits must be tabbed.

6. Plaintiff(s) shall serve copies of (a) this Order, (b) the "Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement," (c) this Court's "Civil Standing Order – General," and (d) this Court's "Civil Standing Order on Discovery" at once upon all parties to the action, and upon those subsequently joined, in accordance with the

provisions of Federal Rules of Civil Procedure 4 and 5. In addition, Plaintiff(s) shall file with the Clerk of the Court a certificate reflecting such service, in accordance with Civil Local Rule 5-6(a).

7. Failure to comply with this order, Federal Rules of Civil Procedure 16 and 26(f), and/or Civil Local Rule 16-10 may be grounds for sanctions. *See* Fed. R. Civ. P. 16(f).

Plaintiff is directed to serve a copy of this Order upon all defendants.

IT IS SO ORDERED.

Dated: October 5, 2011

EDWARD M. CHEN
United States District Judge

3

## CIVIL STANDING ORDER – GENERAL
## U.S. DISTRICT JUDGE EDWARD M. CHEN

1.   **Conformity to Rules.** Parties shall follow the Federal Rules of Civil Procedure, the Civil Local Rules, and the General Orders of the Northern District of California, except as superseded by these Standing Orders. Any failure to comply with any of the rules and orders may be deemed sufficient grounds for monetary sanctions, dismissal, entry of default judgment, or other appropriate sanctions.

2.   **Communication with the Court.** Parties shall not attempt to make *ex parte* contact with the Judge or his chambers staff by telephone, facsimile, or any other means but may contact the Courtroom Deputy Clerk, Betty Lee, at (415) 522-2034 with appropriate inquiries (*e.g.*, scheduling inquiries).

All counsel listed on the parties' briefing must be fully apprised of the status of the pending matter and must be authorized to respond to calendar settings by the Court.

With the exception of discovery disputes (see the Civil Standing Orders on Discovery), or unless expressly permitted by the Court, parties shall not submit letters to the Court, and any communication with the Court must be in pleading form, including but not limited to status reports, requests for continuances, and requests for telephonic appearances.

3.   **Scheduling Days.**

a.   Civil law-and-motion calendar is conducted on Fridays at 1:30 p.m. Order of call is to be determined by the Court. Parties may *jointly* ask for a motion to be considered on the papers, but such requests are not automatically granted. The Court may, in its discretion, vacate a hearing on a motion and rule on the papers.
b.   Initial case management conferences are conducted on Fridays at 9:00 a.m.
c.   Further status conferences are conducted on Fridays at 10:30 a.m.
d.   Pretrial conferences are conducted on Tuesdays at 2:30 p.m.

4.   **Changes to the Court Calendar.** No changes to the Court's schedule shall be made except by order of the Court. Parties seeking to continue hearings, request special status conferences, modify briefing schedules, or make any other procedural changes shall submit a signed stipulation and proposed order or, if stipulation is not possible, a motion for administrative relief. *See* Civ. L.R. 7-11. Parties seeking to enlarge a filing deadline by way of a motion for administrative relief are admonished to file such a motion in advance of the filing deadline rather than on the day a brief or other matter is due. Continuances will be granted only upon a showing of good cause, with a particular focus on diligence by the party seeking the continuance and prejudice that may result if the continuance is denied.

5.  **Chambers Copy.** A copy of all documents filed, whether electronically or manually, shall be submitted to the Clerk's Office in an envelope clearly marked with the case number and "EMC Chambers Copy" no later than noon on the next business day after the document is filed. The chambers copy must be three-hole punched on the left-hand side. Exhibits to declarations must be tabbed.

6.  **Case Management Conference Statement.** The *joint* case management statement must be filed one week in advance of the case management conference date. The statement must include all elements requested in the "Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement." *See* Civ. L.R. 16-9. In cases involving pro se litigants, parties shall attempt to file a joint statement; if after due diligence, an agreement cannot be reached, the parties may file separate case management statements, with each statement not to exceed seven (7) pages. Unless proceeding pro se, each party shall be represented at the case management conference by counsel with full and complete authority to address all of the matters referred to in (a) Federal Rules of Civil Procedure 16(c) and 26(f) and (b) the "Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement." Counsel must also have full and complete authority to enter stipulations and made admissions.

7.  **Motions.** All declarations shall be filed as separate documents. Tabs *must* be used for exhibits attached to declarations, including chambers copies.

8.  **Discovery and Discovery Motions.** See the "Civil Standing Orders on Discovery."

9.  **Motions for Summary Judgment.** Each party or side is limited to filing one summary judgment motion. Any party wishing to exceed this limit must request leave of the Court. Briefing shall comply with Civil Local Rules 7-2 through 7-5. Separate statements of undisputed facts will not be considered by the Court. Joint statements of undisputed facts are not required, but are helpful if agreed upon.

10. **Proposed Orders Required.** Each party filing or opposing a motion shall also serve a proposed order that sets forth the relief or action sought and a short statement of the rationale of decision. The proposed order should be filed at the same time as the motion or opposition.

11. **Grounds for Recusal.** Parties are directed to inform the Court of any and all reasonable bases for recusal at the earliest possible date.

**12. Service of Standing Orders.** Plaintiff (or in the case of removed cases, any removing defendant) is directed to serve copies of: (1) this standing order, (2) this Court's "Civil Standing Order on Discovery," and (3) the "Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement" at once upon all parties to the action, and upon those subsequently joined, in accordance with the provisions of Federal Rules of Civil Procedure 4 and 5. The plaintiff (or in the case of removed cases, any removing defendant) shall also file with the Clerk of the Court a certificate reflecting such service, in accordance with Civil Local Rule 5-6(a).

**IT IS SO ORDERED.**

EDWARD M. CHEN
United States District Judge

## CIVIL STANDING ORDER ON DISCOVERY
## U.S. DISTRICT JUDGE EDWARD M. CHEN

These Standing Orders on Discovery are a supplement to this Court's "Civil Standing Orders – General."

These Standing Orders apply only to cases in which discovery is supervised by this Court rather than the magistrate judge. The Court, at its discretion, may elect to transfer discovery matters to a magistrate judge or a special master.

**1. Conformity to Rules.** Parties shall follow the Federal Rules of Civil Procedure, the Civil Local Rules, and the General Orders of the Northern District of California, except as superseded by these Standing Orders. Any failure to comply with any of the rules and orders may be deemed sufficient grounds for monetary sanctions, dismissal, entry of default judgment, or other appropriate sanctions.

**2. Production of Documents.**

    **a. Responses.** In responding to requests for production of documents, *see* Fed. R. Civ. P. 34, a party shall affirmatively state in a written response the full extent to which the party will produce materials. In addition, the party shall, promptly after the production, confirm in writing that the party has produced all such materials so described that have been located after a diligent search of all locations where such materials might plausibly be found.

**3. Depositions.**

    **a. Scheduling.** The parties shall comply with Civ. L.R. 30-1. Generally, the party seeking the deposition may notice it at least ten (10) days in advance.

    **b. Documents.** Witnesses subpoenaed or requested to produce documents should ordinarily be served at least 30 days before the scheduled deposition unless otherwise stipulated, and arrangements should be made to permit inspection of the documents before the deposition commences. Extra copies of documents used during the deposition should ordinarily be provided to opposing counsel and the deponent.

    **c. Conduct.** During the deposition, parties are expected to cooperate with and be courteous to each other and deponents. Each party should designate one attorney to conduct the examination of the deponent. Parties should cooperate in the allocation of time to comply with any time limit set by the Court.

    **d. Marking of Exhibits.** Counsel shall comply with Civil Local Rule 30-2.

    **e.**    **Objections.** Parties shall comply with Federal Rule of Civil Procedure 30(c)(2). Deposition objections shall be preserved except as to privilege or as to form. Speaking objections or those calculated to coach the deponent are prohibited.

    A person may *not* instruct a deponent not to answer a question except when necessary to preserve a privilege, to enforce a limitation directed by the Court, or to present a motion under Federal Rule of Civil Procedure 30(d)(3). When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent, or waiver of the privilege, such as the date of the communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement, unless such information itself is privileged.

    A party may be subject to sanctions if the party consistently impedes, or otherwise unreasonably delays, the fair examination of the deponent.

    **f.**    **Private Consultation.** Private conferences between deponents and their attorneys in the course of deposition are improper and prohibited except for the sole purpose of determining whether a privilege should be asserted.

    **g.**    **Requests for Intervention by the Court.** If a dispute arises during a deposition and involves a persistent obstruction of the deposition or a refusal to answer a question in violation of this Standing Order, parties may arrange a telephonic conference with the Court through the Courtroom Deputy, Betty Lee, at (415) 522-2034.

  **4.**    **Discovery Motions.**

    Except as specifically set forth below, no motions regarding discovery disputes may be filed without prior leave of the Court.

    If there is an emergency discovery dispute, parties may request a telephonic conference with the Court through the Courtroom Deputy. If possible, the parties shall provide a short (one paragraph) description of the dispute prior to any conference call. An emergency discovery dispute is a discovery dispute that is in need of *immediate* attention by the Court. *This process should not be abused.*

    All other requests for discovery relief (including requests for discovery-related sanctions) must be made by the parties in a *joint* letter brief no longer than four pages. The joint letter brief:

    a.    Must attest that, prior to filing the request for relief, counsel with full and complete authority on discovery matters met and conferred *in person*. A telephone meet and confer is permitted only where there is good cause (*e.g.*, plaintiff's counsel is located on the West coast while defense counsel is located on the East coast). The letters must certify that *lead trial counsel* have concluded no agreement can be reached.

b.  Must concisely summarize those remaining issues that the parties were unable to resolve and state each party's last offer of compromise.
c.  May cite to limited and specific legal authority.
d.  May not be accompanied by declarations, unless a party declaration is needed to support a specific claim of undue burden.
e.  May include as an attachment the specific excerpt of disputed discovery material.
f.  No other attachments are permitted absent authorization by the Court.

The Court will advise the parties if additional briefing or a telephonic conference will be necessary. The Court may order the parties to further meet and confer at the federal courthouse with lead trial counsel in attendance.

**5.  Service of Standing Orders.** Plaintiff (or in the case of removed cases, any removing defendant) is directed (a) to serve copies of this standing order at once upon all parties to the action, and upon those subsequently joined, in accordance with the provisions of Federal Rules of Civil Procedure 4 and 5 and (b) to file with the Clerk of the Court a certificate reflecting such service, in accordance with Civil Local Rule 5-6(a).

**IT IS SO ORDERED.**

EDWARD M. CHEN
United States District Judge

# STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

## CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1. Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2. Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3. Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4. Motions: All prior and pending motions, their current status, and any anticipated motions.

5. Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6. Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7. Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8. Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9. Class Actions: If a class action, a proposal for how and when the class will be certified.

10. Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. Relief: All relief sought through complaint or counterclaim, including the amount of any

damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12. <u>Settlement and ADR</u>: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13. <u>Consent to Magistrate Judge For All Purposes</u>: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14. <u>Other References</u>: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16. <u>Expedited Schedule</u>: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17. <u>Scheduling</u>: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18. <u>Trial</u>: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.